# EXHIBIT "A"

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x
State Farm Fire & Casualty Company a/s/o Robert &
Julissa Valentin

                        Plaintiff/Petitioner,

      -against-

Hewlett-Packard Company, Sony Electronics Inc.

                Defendant/Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Index No. *709697/2016*

c/o CSC

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-b (consensual electronic filing). This notice is being served as required by that rule.

      NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing

      Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

      The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

      1) **Parties represented by an attorney:** An attorney representing a party who is served with this Notice must promptly either consent or decline consent to electronic filing and service through NYSCEF for this case. Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile. Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

      2) **Parties not represented by an attorney: Unrepresented litigants are exempt from e-filing. They can serve and file all documents in paper form and must be served with all documents in paper form**. However, an unrepresented litigant may consent to participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 08/15/2016

_____
Signature

STUART DAVID MARKOWITZ _____
Name

_____
Firm Name

575 JERICHO TPKE STE 210 _____
Address

JERICHO, NY  11753 _____
City, State, and Zip

(516) 935-3500 _____
Phone

smarkowitz@markowitz-law.com _____
E-Mail

To:   *Hewlett-Packard Company*
      *Sony Electronics Inc.*

_____

9/3/15

Index #                    Page 2 of 2                    EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

------------------------------------------------------------------------X

STATE FARM FIRE & CASUALTY COMPANY
a/s/o ROBERT & JULISSA VALENTIN,

                                                    Plaintiff,

                          -against-

HEWLETT-PACKARD COMPANY and
SONY ELECTRONICS INC.,

                                                    Defendants.

------------------------------------------------------------------------X

Index No.: *709697/2016*
Date Purchased *8/15/16*
**Plaintiff designates**
Queens County
The place of trial

**SUMMONS**

**Basis of Venue**
CPLR §509

**TO THE ABOVE NAMED DEFENDANTS:**

   **YOU ARE HEREBY SUMMONED,** to answer the Verified Complaint in this action
and to serve a copy of the answer, or, if the Verified Complaint is not served with this summons,
to serve a notice of appearance, on the plaintiff's attorney within twenty (20) days after the
service of this summons, exclusive of the day of service or within thirty (30) days after the
service is complete if this summons is not personally delivered to you within the State of New
York; and in the case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the Verified Complaint.

Dated:          Jericho, New York
                August 15, 2016                         Yours, etc.

                                                        LAW OFFICES OF
                                                        STUART D. MARKOWITZ, P.C.


                                                        STUART D. MARKOWITZ, ESQ.
                                                        Attorneys for Plaintiff
                                                        575 Jericho Turnpike, Suite 210
                                                        Jericho, New York 11753
                                                        (516) 935-3500

Defendants' Addresses:

HEWLETT-PACKARD COMPANY                SONY ELECTRONICS, INC.
3000 Hanover St.                       16530 Via Esprillo
Palo Alto, CA 94304-1112               San Diego, CA 92127

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
STATE FARM FIRE & CASUALTY COMPANY
a/s/o ROBERT & JULISSA VALENTIN,

                             Plaintiff,              **VERIFIED COMPLAINT**

       -against-

HEWLETT-PACKARD COMPANY
and SONY ELECTRONICS INC.,

                             Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

      Plaintiff, STATE FARM FIRE & CASUALTY COMPANY a/s/o ROBERT & JULISSA

VALENTIN, by its attorneys, LAW OFFICES OF STUART D. MARKOWITZ, P.C., as and for

its Verified Complaint, alleges upon information and belief as follows:

## THE PARTIES

      1. That at all times hereinafter mentioned, plaintiff STATE FARM FIRE & CASUALTY

COMPANY (hereinafter referred to as "STATE FARM"), is a foreign corporation, licensed to do

business in the State of New York.

      2. That at all times hereinafter mentioned, plaintiff STATE FARM was and still is an

insurance company duly authorized to transact the business of issuing property insurance policies

in the State of New York.

      3. That at all times hereinafter mentioned, plaintiff STATE FARM'S Subrogors,

ROBERT & JULISSA VALENTIN (hereinafter referred to as "Subrogors"), were and still are

the owners of the premises located at 8101 262nd St., Floral Park, New York.

4.   Upon information and belief, at all times hereinafter mentioned, defendant, HEWLETT-PACKARD COMPANY (hereinafter referred to as "HP") was and is a foreign corporation duly licensed to conduct business in the State of New York.

5.   Upon information and belief, at all times hereinafter mentioned, defendant HP did and does solicit business within the State of New York.

6.   Upon information and belief, at all times hereinafter mentioned, defendant HP derived substantial revenue from goods used or consumed or services rendered in the State of New York.

7.   Upon information and belief, at all times hereinafter mentioned, defendant HP reasonably should have expected its acts and business activities to have consequences within the State of New York.

8.   Upon information and belief, at all times hereinafter mentioned, defendant, SONY ELECTRONICS INC. (hereinafter referred to as "SONY") was and is a foreign corporation duly licensed to conduct business in the State of New York.

9.   Upon information and belief, at all times hereinafter mentioned, defendant SONY did and does solicit business within the State of New York.

10.   Upon information and belief, at all times hereinafter mentioned, defendant SONY derived substantial revenue from goods used or consumed or services rendered in the State of New York.

11.   Upon information and belief, at all times hereinafter mentioned, defendant SONY reasonably should have expected its acts and business activities to have consequences within the State of New York.

2

12.   Prior to July 26, 2014, in the course of plaintiff's business, plaintiff STATE FARM issued an insurance policy to Subrogors, insuring them against certain property damage and related expenses to their real property and other personal property located at 8101 262nd St., Floral Park, New York.

13.   Prior to July 26, 2014, defendants HP and SONY sold and distributed notebook computers and battery packs to customers within and outside the State of New York.

14.   On or about July 26, 2014,  a fire started in said computer battery pack, thereby causing substantial property damage to Subrogors' property.

15.   Prior to July 26, 2014, defendants HP and/or SONY manufactured, distributed, delivered and/or sold the aforementioned computer battery pack and its component parts and appurtenances, owned and used by Subrogors.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST DEFENDANTS HP AND SONY

16.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" inclusive of plaintiff's Verified Complaint, with the same force and effect as though fully set forth herein at length.

17.   That the aforementioned incident which occurred on or about July 26, 2014, was the direct and proximate result of the negligence of defendants HP and/or SONY, their agents, servants and/or employees, in the manufacture, distribution, sale and delivery of the aforementioned computer battery pack, which these defendants knew or should have known was

3

unreasonably dangerous, defective, and without adequate warning of the dangers and defects associated with the computer battery pack.

18. That defendants HP and SONY breached a duty to Subrogors by negligently, carelessly and improperly manufacturing,  testing, selling, delivering, servicing, repairing, inspecting and failing to warn of the dangers, risks and defects associated with the computer battery pack.

19. That the insufficiencies, inadequacies and/or defects which rendered the computer battery pack unfit for its intended purpose were unknown to Subrogors at the time of purchase, delivery, and/or operation.

20. That the insufficiencies, inadequacies, and/or defects which rendered the computer battery pack unfit for its intended purpose were not discoverable by reasonable inspection by the Subrogors.

21. As a result, Subrogors were caused to sustain property damages as a result of the fire that started in the aforementioned computer battery pack.

22. That plaintiff and Subrogors reserve the right to plead Res Ipsa Loquitur at the time of trial.

23. That solely as a result of the negligence of defendants HP and SONY, plaintiff STATE FARM, pursuant to the provisions of its insurance policy, paid to Subrogors the sum of at least $289,365.24 for property damages, and other related expenses.

4

24.  That by virtue of said payment, and in accordance with the provision contained in its insurance policy, plaintiff STATE FARM became subrogated to all the rights of Subrogors to recover against defendants HP and/or SONY for any and all sums of money paid under said policy.

25.  That as a result of the foregoing, plaintiff STATE FARM has been damaged in the sum of at least $289,365.24, no part of which has been paid, despite due demand therefor.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST DEFENDANTS HP AND SONY

26.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "25" inclusive of plaintiff's Verified Complaint, with the same force and effect as though fully set forth herein at length.

27.  That at the time and place of the sale and distribution of the computer battery pack, defendants HP and/or SONY expressly and by implication warranted that the computer battery pack was of merchantable quality and was safe for the use for which it was intended.

28.  That Subrogor relied upon the skill and judgment of the defendants HP and/or SONY in the manufacturing, selling, delivering and/or distributing of said computer battery pack.

29.  At all times hereinafter mentioned, it was foreseeable that Subrogors would rely on said warranty in the acquisition, purchase and use of the computer battery pack.

30.  At all times hereinafter mentioned, the computer battery pack was not suitable or safe for such use and was defective and dangerous for use in the manner herein above mentioned, of which fact defendants HP and/or SONY failed to make Subrogors aware prior to the aforementioned fire.

31. That as a direct and proximate result of the foregoing breach of warranty, defendants HP and/or SONY are liable to plaintiff STATE FARM in the sum of at least $289,365.24, no part of which has been paid despite due demand therefor.

**AS AND FOR A THIRD CAUSE OF ACTION**
**AGAINST DEFENDANTS HP AND SONY**

32. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "31" inclusive of plaintiff's Verified Complaint, with the same force and effect as though fully set forth herein at length.

33. Upon information and belief, defendants HP and/or SONY had a duty to properly manufacture, sell, distribute and/or supervise the installation, testing, inspection, maintenance and/or repair of the computer battery pack purchased and used by Subrogors.

34. Defendants HP and/or SONY failed to exercise due care and in fact, did negligently manufacture, sell, distribute, install, test, review, inspect, maintain and/or repair said computer battery pack and defendants failed to properly supervise the review and approval of design, sale, distribution, furnishing, installation, testing, inspection, maintenance and/or repair of the computer battery pack purchased and used by Subrogors.

35. As a result of said negligence on the part of defendants, HP and/or SONY, the computer battery pack malfunctioned during the time it was recharging, thereby igniting and causing substantial fire damage to Subrogors' property.

36. That as a direct and proximate result of defendants HP and/or SONY's negligence, defendants HP and SONY are liable to plaintiff STATE FARM in the sum of at least $289,365.24, no part of which has been paid despite due demand therefor.

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST DEFENDANTS HP AND SONY

37.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "36" inclusive of plaintiff's Verified Complaint, with the same force and effect as though fully set forth herein at length.

38.  That defendants HP and/or SONY, in the manufacture, sale and distribution of said computer battery pack, placed upon the market a product in a defective and unreasonably dangerous condition, which was not fit for its intended use.

39.  At all times hereinafter mentioned, the computer battery pack was being used in a manner reasonably foreseeable by defendants HP and/or SONY.

40.  That as a direct and proximate result of defendants HP and/or SONY's negligence, defendants HP and/or SONY are strictly liable in tort to plaintiff STATE FARM in the sum of at least $289,365.24, no part of which has been paid despite due demand therefor.

WHEREFORE, plaintiff STATE FARM demands Judgment in its favor and against defendants, HEWLETT-PACKARD COMPANY and/or SONY ELECTRONICS INC., jointly and severally, in the amount of at least $289,365.24, with interest thereon from July 26, 2014, together with the costs and disbursements of this action.

Dated:      Jericho, New York
            August 15, 2016

                                Yours etc.,
                                LAW OFFICES OF
                                STUART D. MARKOWITZ, P.C.


                                STUART D. MARKOWITZ, ESQ.
                                Attorneys for Plaintiff
                                575 Jericho Turnpike, Suite 210
                                Jericho, New York 11753
                                (516) 935-3500

7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STATE FARM FIRE & CASUALTY COMPANY
a/s/o ROBERT & JULISSA VALENTIN,

                               Plaintiff,             **ATTORNEY VERIFICATION**

       -against-

HEWLETT-PACKARD COMPANY
and SONY ELECTRONICS INC.,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

       STUART D. MARKOWITZ, ESQ., being an attorney duly admitted to practice before the Courts of the State of New York and fully aware of the penalties for perjury, hereby affirms as follows:

       1.  Affirmant is the attorney for plaintiffs, STATE FARM FIRE & CASUALTY COMPANY a/s/o ROBERT & JULISSA VALENTIN, in the within action.

       2.  Affirmant is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in our office.

       3.  Affirmant has read the foregoing SUMMONS and COMPLAINT and knows the contents thereof and the same are true to affirmant's own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

       4.  That affirmant's belief as to those matters therein not stated upon knowledge are based upon the correspondence, reports, statements, records and communications had with the plaintiff with regards to this action and which information is contained in the file maintained in our office.

       5.  That the reason I make this affirmation instead of plaintiff's subrogor is because this is a subrogation action and plaintiff is a foreign corporation.

       6.  I affirm that the foregoing statements are true under the penalties of perjury.

Dated:       Jericho, New York
              August 15, 2016

                                         STUART D. MARKOWITZ

© 1995 Blumberg Excelsior, Inc.

STATE OF NEW YORK, COUNTY OF                                             ss.:
I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ Certification    certify that the within
  By Attorney      has been compared by me with the original and found to be a true and complete copy.

☐ Attorney's       state that I am
  Affirmation      the attorney(s) of record for                                   in the within
                   action; I have read the foregoing                      and know the contents thereof;
                   the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
                   I believe it to be true. The reason this verification is made by me and not by

Check Applicable Box

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:                                                    ..........................................................
                                                          The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                             ss.:
I, the undersigned, being duly sworn, depose and say: I am

☐ Individual       in the action; I have read the foregoing
  Verification                                            and know the contents thereof; the same is true to my own knowledge, except
                   as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ Corporate        the                              of
  Verification     a
                                                    corporation and a party in the within action; I have read the foregoing
                                      and know the contents thereof; and the same is true to my own knowledge,
                   except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This
                   verification is made by me because the above party is a corporation and I am an officer thereof.
The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Check Applicable Box

Sworn to before me on                                     ..........................................................
                                                          The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                              ss.:        (If more than one box is check—indicate after names type of service used.)
I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                                  I served the within
☐ Service         by mailing a copy to each of the following persons at the last known address set forth after each name below.
  By Mail
☐ Personal        by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served
  Service on      to be the person mentioned and described in said papers as a party therein:
  Individual
☐ Service by      by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL
  Electronic      at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a
  Means           copy to the address set forth after each name.
☐ Overnight       by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each
  Delivery        name below.
  Service

Check Applicable Box

Sworn to before me on                                     ..........................................................
                                                          The name signed must be printed beneath

LAW OFFICES OF
STUART D. MARKOWITZ, P.C.

| Index No. | Year | 20 | RJI No. | Hon. |
|---|---|---|---|---|

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

STATE FARM FIRE & CASUALTY COMPANY
a/s/o ROBERT & JULISSA VALENTIN,

Plaintiff,

-against-

HEWLETT-PACKARD COMPANY
and SONY ELECTRONICS INC.,

Defendants.

### SUMMONS and VERIFIED COMPLAINT

LAW OFFICES OF
STUART D. MARKOWITZ, P.C.
*Attorney for*
Plaintiff
*Office and Post Office Address, Telephone*
575 JERICHO TURNPIKE
SUITE 210
JERICHO, NEW YORK 11753
(516) 935-3500

To

Signature (Rule 130-1.1-a)

Print name beneath

Attorney(s) for

Service of a copy of the within                                      is hereby admitted.

Dated,

Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                                of which the within is a true copy will be presented for
settlement to the HON.                                                          one of the judges
of the within named court, at
on                                         at                    M

Dated,

Yours, etc.
LAW OFFICES OF
STUART D. MARKOWITZ, P.C.
*Attorney for*

To

Attorney(s) for

*Office and Post Office Address*
575 JERICHO TURNPIKE
SUITE 210
JERICHO, NEW YORK 11753